**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**GENE BADGER, JOHN LOVE, MARVIN EVANS, SID BANACK, JOHN WILLIS, ALL ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,**

                     **Plaintiffs,**

**-vs-**                                  **Case No. 6:06-cv-637-Orl-28KRS**

**SOUTHERN FARM BUREAU LIFE INSURANCE COMPANY,**

                     **Defendant.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFFS' MOTION (I) TO COMPEL PRODUCTION OF DOCUMENTS AND ANSWERS TO INTERROGATORIES AND (II) FOR EXTENSION OF EXPERT DISCLOSURE DEADLINES (Doc. No. 44)**
>
> **FILED:** February 21, 2008
>
> **THEREON** it is **ORDERED** that the motion is **DENIED** as to the motion to compel and **GRANTED** in part as to the request for extension of expert disclosure deadlines.

Plaintiffs seek an order compelling Defendant Southern Farm Bureau Life Insurance Company ("Southern Life") to produce all documents responsive to their Second Request for Production of Documents numbers 4, 5, 7 and 9 (the "Second Request(s)"), and to their Third

Request for Production of Documents numbers 1 through 8 (the "Third Request(s)"), and to provide more complete answers to their First Set of Merits Interrogatories numbers 2 through 6. Plaintiffs also ask that the Court extend the deadline for disclosure of expert reports and award them their reasonable attorneys' fees and costs incurred in bringing this motion. Southern Life filed its response to the motion. Doc. No. 45. At my direction, Southern Life also filed its privilege log. Doc. No. 48.

*A.     Discovery Requests.*

In response to each of the requests for production of documents at issue, Southern Life asserted twelve general objections. It asserted separate objections that each request at issue was vague, overly broad, unduly burdensome and/or not reasonably calculated to lead to the discovery of admissible evidence.[1] In response to the interrogatories, Southern Life asserted ten general objections. It asserted separate objections that each interrogatory at issue was vague, overly broad, unduly burdensome and/or not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs argue that the use of general objections is improper *per se*, noting that the Federal Rules of Civil Procedure and the discovery practice in this district require objections to be stated with specificity. Southern Life argues that its general objections apply to every document request and interrogatory, even though it did not withhold responsive documents or information pursuant to any general objection other than those listed on a privilege log. Doc. No. 45 at 4.

---

[1] As to some of these requests, Southern Life produced some responsive documents.

Southern Life's response supports the plaintiffs' position that the general objections were not properly asserted because they did not ultimately apply to every discovery request.[2] Accordingly, I concur with Magistrate Judge Snyder's reasoning in *Jackson v. Geometrica, Inc.*, No. 3:04CV640J20HTS, 2006 WL 213860, at *1 (M.D. Fla. Jan. 27, 2006), that the general objections were not properly asserted. *See also Mullins v. Encore Senior Living II, LLC*, No. 3:07cv325/WS/EMT, 2007 WL 4098851, at *1 n.1 (N.D. Fla. Nov. 16, 2007).

Southern Life asserted vagueness objections in response to Second Requests numbers 4 and 7 and Third Requests numbers 1 through 8, and Interrogatories 2 through 6. With respect to these vagueness objections, I concur with the reasoning of the Court in *Williams v. Taser International, Inc.*, Civil Action No. 1:06-cv-0051-RWS, 2007 WL 1630875 (N.D. Ga. June 4, 2007), that "'[m]erely stating that a discovery request is vague or ambiguous, without specifically stating how it is so, is not a legitimate objection to discovery.' . . . Rather, objections to discovery must be sufficiently plain and specific to allow the Court to understand precisely how the challenged discovery requests are alleged to be objectionable." *Id.* at *3 (quoting *USCFTC v. Am. Derivatives Corp.*, Civil Action No. 1:05-cv-2492-RWS, 2007 WL 1020838, at *3 (N.D. Ga. Mar. 30, 2007)).

Southern Life explained its vagueness objection in only one response – to Second Request number 4 – as follows: "The words 'any valuations of Southern Life' are too vague to provide guidance on the documents sought pursuant to this request." An attorney responding to a

---

[2] As to the privilege and protection objection, I note that only three documents were withheld. This is further evidence that the general objections did not apply to all of the written discovery requests.

document request must interpret the request reasonably and naturally in light of the facts and circumstances of the particular case.  *See* Middle District Discovery (2001) at III.A.3. Because the issue of the valuation of Southern Life is at the heart of this litigation, Southern Life's objection to the use of the term valuation as vague is not well taken.

Southern Life's objections to the requests and interrogatories as overly broad and burdensome stand on firmer ground.  In every request at issue, the plaintiffs sought all documents that refer or relate to or otherwise constitute or evidence the subject matter of the request.  Just as general objections are too sweeping to be effective, so too document requests that call for every document in any way related to a subject matter are insufficiently clear, concise and reasonably particularized when, as here, the requests seek production of documents created over decades.[3]

Similarly, in many of the interrogatories at issue the plaintiffs seek information for all dates since Southern Life was founded in 1947.  Southern Life presented the Affidavit of Perry McGaugh setting forth the time intensive, and therefore expensive, effort that will be required to search through sixty years of information to respond to these interrogatories.  It is also unclear why some of the information sought in the interrogatories over this vast time span is relevant or likely to lead to the discovery of admissible evidence. For example, in Interrogatories 2, 3 and 4, the plaintiffs seek information "[f]or each year from 1947 through and including the present date," regarding the amount of dividends declared by Southern Life and how Southern Life determined that amount.  The plaintiffs have not explained how the basis on which Southern Life determined

---

[3]  The plaintiffs did not quote the temporal limitations on their requests, which they should have done under Local Rule 3.04.  I note from independent review that the requests were limited to documents dated January 1, 1987 to the present except as otherwise stated in a particular request.

the amount of dividends to pay its stockholders at all times since it was founded has any bearing on whether Southern Life made fraudulent representations regarding its value or the date that the Trust Agreement would terminate.  Similarly, in Interrogatories 5 and 6, the plaintiffs seek information about Southern Life's communications with regulators or agencies regarding certain financial information.  Once again, the plaintiffs have not shown how this information is relevant or likely to lead to the discovery of admissible evidence on the issues presented in the case.  *See Barrington v. Mortage, IT, Inc.*, No. 07-61304-CIV, 2007 WL 4370647, at *3 (S.D. Fla. Dec. 10, 2007).

For these reasons, the motion to compel is **DENIED.**  Because the motion to compel is denied, no basis exists to award attorneys' fees and costs to the plaintiffs.

B.     *Extension of Expert Witness Disclosure Deadlines.*

Because the motion to compel production of further discovery has been denied, there is no need to extend the date for the plaintiffs to disclose their expert witness reports based on production of additional written discovery responses.

The plaintiffs additionally argue that an enlargement of time is necessary for the experts to review discovery depositions.  On this basis, I **GRANT** the motion to extend expert disclosure deadlines as follows:

| Disclosure of Expert Reports | Plaintiff: | May 2, 2008 |
|---|---|---|
| | Defendant: | June 2, 2008 |
| | Rebuttal | July 2, 2008 |

Because this is the second enlargement of time related to disclosure of expert witness reports, it is unlikely that these dates will again be extended absent a showing of extraordinary

circumstances. The parties shall not cite or rely on these enlargements of time, or the pendency of unresolved discovery issues, as a basis for enlargement of other deadlines in this case.

**DONE** and **ORDERED** in Orlando, Florida on April 2, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties