UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| GENE BADGER, JOHN LOVE, MARVIN EVANS, SID BANACK, and JOHN WILLIS<br><br>derivatively on behalf of<br><br>PLAINTIFFS' SHAREHOLDERS CORPORATION, a Florida corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>SOUTHERN FARM BUREAU LIFE INSURANCE COMPANY, a Mississippi corporation, and,<br><br>PLAINTIFFS' SHAREHOLDERS CORPORATION, a Florida Corporation<br><br>Defendants | CASE NO.: 6:06-cv-1253-ORL-19JGG filed herein in Case No. 6:06-cv-637-ORL-28KRS pursuant to this Court's Order dated March 30, 2007 consolidating actions (Doc. No. 19) |

## MOTION TO STAY EXECUTION OF JUDGMENT AND FOR APPROVAL OF BOND

Defendant Southern Farm Bureau Life Insurance Company ("Southern Life"), moves the Court pursuant to Fed.R.Civ.P. 62(b) and (d) to stay execution of, or any proceedings to enforce, the Court's May 8, 2009 Judgment on the jury verdict in this action. In addition, Southern Life requests that the Court approve the form of the surety bond submitted. In support of this Motion, Southern Life represents the following:

1. This case was tried before a jury from March 9 through March 19, 2009. The jury returned a verdict in favor of Plaintiffs on March 19, 2009. On May 8, 2009, the Court entered judgment against Southern Life and in favor of Plaintiffs in the amount of $31.7 million dollars.

2. On May 18, 2009, Southern Life filed a Renewed Motion for Judgment as a Matter of Law and New Trial and Supporting Memorandum of Law (Doc. 230).

3. Fed.R.Civ.P. 62 provides that the Court may stay execution of a judgment on appropriate terms for the opposing party's security pending the disposition of post-judgment motions under Rules 50 and 59 and any subsequent proceedings on appeal and discretionary review.

4. Southern Life has presented the terms of the surety bond to the Plaintiffs. Plaintiffs have agreed to the terms of the surety bond to include the amount of the Judgment plus eighteen months interest at .50%, the applicable rate pursuant to 28 U.S.C. § 1961. Pursuant to this agreement, the total amount of the surety bond is $31,938,046.93.

5. Southern Life requests that this Court approve the form of the surety bond which is attached hereto as Exhibit "A." In addition, Southern Life requests that this Court stay enforcement of the Judgment entered on May 8, 2009 in favor of Plaintiffs during (1) the pendency of the post-judgment motions, (2) all proceedings on appeal to the United States Court of Appeals for the Eleventh Circuit, (3) proceedings related to any Petition for Writ of Certiorari to the United States Supreme Court, (4) any subsequent proceedings on the merits in the Supreme Court, and (5) any subsequent proceedings before the district court in the event of a remand.

**Certificate Pursuant to Local Rule 3.01(g)**

Counsel for Defendant has conferred with counsel for the Plaintiffs regarding the relief sought in this motion as required by Local Rule 3.01(g), and counsel for Plaintiffs has indicated that Plaintiffs consent to the eighteen months of interest and .50% interest rate on the surety bond.

**MEMORANDUM OF LAW**

This case was tried before a jury from March 9 through March 19, 2009. The jury returned a verdict in favor of Plaintiffs on March 19, 2009. Following the jury's verdict, but

2
JO.99404956.2

before the entry of judgment, Southern Life filed its Memorandum of Law in Support of its pending Rule 50(a) Motion and its Conditional Rule 50(b) Motion (Doc. 219). In addition, on that same date, Southern Life filed its Motion for New Trial and supporting Memorandum of Law (Doc. 220). On May 7, 2009, the Court denied Southern Life's Motion for Judgment as a Matter of Law and Renewed Motion for Judgment as a Matter of Law and directed the Clerk to enter judgment in the case in favor of Plaintiffs (Doc. 228).

On May 8, 2009, the Court entered judgment against Southern Life and in favor of Plaintiffs in the amount of $31.7 million dollars.

On May 18, 2009, Southern Life filed its Renewed Motion for Judgment as a Matter of Law and New Trial and Supporting Memorandum of Law (Doc. 230).

In relevant part, Fed.R.Civ.P. 62 provides as follows:

> **(b) Stay Pending the Disposition of a Motion.** On appropriate terms for the opposing party's security, the court may stay the execution of a judgment – or any proceedings to enforce it – pending the disposition of any of the following motions:
>
> (1) under Rule 50, for judgment as a matter of law;
>
> (2) under Rule 52(b), to amend the findings or for additional findings;
>
> (3) under Rule 59, for a new trial or to alter or amend a judgment; or
>
> (4) under Rule 60, for relief from a judgment or order.
>
> \* \* \*
>
> **(d) Stay with Bond on Appeal.** If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

Southern Life has presented the terms of the surety bond to Plaintiffs. Plaintiffs have agreed to the terms of the surety bond to include the amount of the Judgment plus eighteen (18) months interest at .50%, the applicable rate pursuant to 28 U.S.C. § 1961. Pursuant to this agreement, the total amount of the surety bond is $31,938,046.93.

Southern Life requests that this Court approve the form of the surety bond and stay enforcement of the Judgment entered on May 8, 2009 in favor of Plaintiffs during (1) the pendency of the post-judgment motions, (2) all proceedings on appeal to the United States Court of Appeals for the Eleventh Circuit, (3) proceedings related to any Petition for Writ of Certiorari to the United States Supreme Court, (4) any subsequent proceedings on the merits in the Supreme Court, and (5) any subsequent proceedings before the district court in the event of a remand.

In the event this Court grants the relief sought in this Motion, Southern Life will file its bond with the Clerk of Court within five (5) days of the entry of the order granting such relief.

Respectfully submitted,

**PHELPS DUNBAR LLP**

s/B. Lyle Robinson
JAMES W. O'MARA (MS Bar #3929)
omaraj@phelps.com
B. LYLE ROBINSON (MS Bar #100015)
robinsol@phelps.com
PHELPS DUNBAR, LLP
111 East Capitol Street, Suite 600
Jackson, MS 39225-3066
(601) 352-2300; Fax (601) 360-9777

ATTORNEYS FOR SOUTHERN FARM BUREAU LIFE INSURANCE COMPANY

OF COUNSEL:

KARL BRANDES
PHELPS DUNBAR LLP
Florida Bar No. 329797
100 South Ashley Drive, Suite 21900
Tampa, Florida 33602-5311
Telephone: (813) 472-7550
Facsimile: (813) 472-7570
brandesk@phelps.com

E. CLIFTON HODGE, JR. (MS Bar #2490)
MOCKBEE, HALL, DRAKE & HODGE, P.A.
Capital Towers, Suite 1820
125 South Congress Street
Jackson, MS 39201
Telephone: (601) 353-0035
Facsimile: (601) 353-0045
chodge@mhdlaw.com

## **CERTIFICATE OF SERVICE**

I do hereby certify that I have this day electronically filed the foregoing with Clerk of the Court using the ECF system which sent notification of such filing to the following:

Jerry R. Linscott
Robert W. Thielhelm, Jr.
Eric Golden
BAKER & HOSTETLER LLP
Post Office Box 112
Orlando, FL 32802-0112
egolden@bakerlaw.com

Bruce Brashear
BRASHEAR & ASSOC., P.L.
926 N.W. 13th Street
Gainesville, FL 32601
bbrashear@nflalaw.com

This the 21st day of May, 2009.

        s/B. Lyle Robinson_____
        B. LYLE ROBINSON

5
JO.99404956.2