**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

PLAINTIFFS' SHAREHOLDERS
CORPORATION, a Florida corporation,

    Plaintiff,
and

GENE BADGER, JOHN LOVE,
MARVIN EVANS, SID BANACK,
and JOHN WILLIS,

    Nominal Plaintiffs,        CASE NO. 6:06-cv-637-ORL-35KRS
vs.

SOUTHERN FARM BUREAU LIFE
INSURANCE COMPANY, a
Mississippi corporation,

    Defendant.
_____/

**JOINT MOTION TO SET A BRIEFING SCHEDULE ON
DEFENDANT'S MOTION TO CONFIRM ARBITRATION AWARD,
PLAINTIFF'S MOTION TO VACATE ARBITRATION AWARD, AND
SUPPLEMENTAL BRIEFING ON DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, PLAINTIFFS' SHAREHOLDERS CORPORATION ("PSC"), and Defendant, SOUTHERN FARM BUREAU LIFE INSURANCE COMPANY ("Southern Life"), by and through their undersigned counsel, hereby file this Joint Motion seeking to set a briefing schedule on the Motion to Confirm Arbitration Award, (Doc. No. 376, filed on August 28, 2013) ("Motion to Confirm"), filed by Southern Life, PSC's forthcoming Motion to Vacate Arbitration Award, and supplemental briefing on Southern Life's pending Supplemental Motion for Summary Judgment as requested in the Renewed

Motion for Leave to Supplement its Summary Judgment Motion filed by Southern Life (Doc. No. 390), and in support thereof state as follows:

1. The instant case was originally tried before this Court as a derivative action filed by Nominal Plaintiffs from March 9 through March 19, 2009, and culminated with a jury verdict rendered in favor of Plaintiffs on March 19, 2009. (*See, e.g.*, Doc. No. 212 & 213, filed on March 20, 2009).

2. Southern Life appealed the Court's Final Judgment, and on appeal, the Eleventh Circuit issued an Opinion reversing the Final Judgment and remanding this matter for a new trial. (Doc. No. 271).

3. Subsequently, upon leave of Court, PSC re-aligned itself as a party Plaintiff in this matter and filed a Second Amended Complaint including, *inter alia*, claims for breach of contract which PSC had previously filed in an arbitration action before the American Arbitration Association ("AAA"). (*See* Doc. No. 305).

4. Southern Life then moved to compel arbitration of this case, and its motion was denied by the Court. (Doc. No. 319). However, after appeal, the Eleventh Circuit issued an Opinion affirming in part and reversing in part this Court's Order on the Motion to Compel Arbitration, finding that the breach of contract claims may be arbitrated before AAA if Southern Life so elected. (Doc. No. 328).

5. Southern Life then elected to arbitrate the breach of contract claims. (Doc. Nos. 333, 334).

6. The final arbitration hearing on the breach of contract claims took place from April 29, 2013, until May 4, 2013, before a three-member panel (the "Panel")

formed under the rules of the AAA. (*E.g.*, Doc. No. 337).

7. On August 27, 2013, the arbitrators entered a twenty (20) page award (the "Award") finding in favor of Southern Life. (*See* Doc. No. 376-1, p. 20).

8. The following day, August 28, 2013, Southern Life filed its Motion to Confirm with the Court. Southern Life's filing provided the Court with the Motion, the Award, the Arbitration record, transcripts of the hearing, relevant pleadings, all exhibits submitted to the Arbitration panel (the "Panel"), and depositions and prior testimony received by the Panel. As reflected in the certificate of good faith conference in the Motion to Confirm, PSC intends to oppose the Motion to Confirm.

9. In light of the arbitration ruling, Southern Life has also filed a Renewed Motion for Leave to Supplement Its Summary Judgment Motion on August 29, 2013, (Doc. No. 390), which is currently pending before the Court. Although not necessarily opposed to the possibility of supplemental briefing on summary judgment based on the Award, PSC could not agree with certain assertions made in the Renewed Motion for Leave to Supplement its Summary Judgment Motion.

10. PSC has notified Southern Life of its intent to file a Motion to Vacate Arbitration Award, in addition to filing a response to the Motion to Confirm, based on the provisions of the Federal Arbitration Act, ("FAA"). *See* 9 U.S.C. § 12.

11. The parties have conferred in good faith regarding these issues and have agreed upon a briefing schedule for the cross-motions to confirm/vacate the Award and for additional summary judgment papers.

12. PSC and Southern Life hereby agree to and move the Court[1] to adopt the following briefing schedule with regard to the matters above:

(a) **Motions to Confirm/Vacate Arbitration Award**

(i) PSC will file its Memorandum in Opposition to the Motion to Confirm, and its Motion to Vacate Arbitration Award, ("Motion to Vacate"), per the page limitations set forth in Local Rule 3.01, no later than **September 30, 2013**; and

(ii) Southern Life will file its Memorandum in Opposition to PSC's Motion to Vacate Arbitration Award, per the timing and page limitations set forth in Local Rule 3.01, no later than **October 17, 2013**.

(b) **Supplemental Briefing on Southern Life's Motion for Summary Judgment**

(i) PSC and Southern Life will simultaneously file Supplemental Briefs regarding any preclusive effect of the Award as to the matters set for trial before the Court, no greater than twenty-five (25) pages in length, no later than **thirty (30) days** after the Court files its Order on PSC's Motion to Vacate;

(ii) PSC and Southern Life will simultaneously file, if desired, Responses to the opposing party's Supplemental Brief, no greater than fifteen (15) pages in length, no later than **twenty (20) days** after the date upon which the Supplemental Briefs are submitted by the parties.

---

[1] By agreeing to this contingent briefing schedule, PSC is not stipulating to the assertions made regarding the collateral estoppel effect of the Award made in Southern Life's Renewed Motion to for Leave to Supplement its Summary Judgment Motion (Doc. No. 390). Likewise, by agreeing to the above briefing schedule, Southern Life is not stipulating to PSC's assertion that valid grounds for vacating the Award exist.

13. This request to establish a briefing schedule is made by the parties in good faith and in the interests of justice, and not for purposes of delay or hindrance to the Court.

14. Moreover, this Motion serves the greater interests of efficiency and judicial economy by seeking to establish a firm briefing schedule to avoid the possibility of the parties filing extraneous motions and responses which could be affected by the Court's ruling on related issues. Courts have recognized that problems often arise when a response to a motion to confirm and a motion to vacate are filed at different times. *See, e.g., Burlington Northern and Santa Fe Ry Co. v. Public Service Co. of OK*, Case No. 05-CV-53-TCK-FHM, 2007 WL 593621, at *3 n.1 (N.D. Okla. Feb. 21, 2007) ("…the Court notes that BNSF would have been well-advised to file its Motion to Vacate in response to PSO's Motion to Confirm, so as to avoid the possibility that the Motion to Confirm could be granted prior to consideration of BNSF's Motion to Vacate…").

15. PSC acknowledges to the Court that this briefing schedule represents a fourteen (14) day enlargement of time for PSC to respond to Southern Life's Motion to Confirm. This enlargement is necessitated by counsel for PSC's attendance at hearings and depositions in several other cases during the initial response period, and in order for PSC to accomplish simultaneous filing of its response to the Motion to Confirm and its Motion to Vacate. Moreover, Southern Life will suffer no prejudice from this brief enlargement of time, as necessitated by their agreement to the matters set forth herein.

16. It is well within the Court's authority to grant this Motion and establish the requested briefing schedule. "A district court retains the inherent authority to manage

its own docket." *Wilson v. Farley*, 203 Fed. Appx. 239, 250 (11th Cir. 2006), cert. denied, 549 U.S. 1351 (2007). This wide discretion includes the authority to extend or alter the times to file legal memoranda when good cause is shown. *See, e.g., Lujan v. National Wildlife Federation*, 497 U.S. 871, 896 n. 5 (1990); *Gibson v. Vincent*, 2007 No. 3:06cv388-RV-EMT, 2007 WL 1576344, at *2 (N.D. Fla. May 30, 2007).

17.     Finally, the parties will suffer no prejudice from the establishment of the requested briefing schedule. This case is not currently set for trial and thus the briefing schedule would not require a change to the trial date. The parties do not request an extension of any discovery deadlines in order to prepare the supplemental briefing on summary judgment issues.

WHEREFORE, for the foregoing reasons, PSC and Southern Life request that the Court (a) grant this Motion; (b) establish the requested briefing schedule, namely, that (i) PSC will file its Memorandum in Opposition to the Motion to Confirm, and its Motion to Vacate Arbitration Award, ("Motion to Vacate"), per the page limitations set forth in Local Rule 3.01, no later than September 30, 2013; (ii) Southern Life will file its Memorandum in Opposition to PSC's Motion to Vacate Arbitration Award, per the timing and page limitations set forth in Local Rule 3.01, no later than October 17, 2013; (iii) PSC and Southern Life will simultaneously file Supplemental Briefs regarding any preclusive effect of the Award on the matters set for trial before the Court, no greater than twenty-five (25) pages in length, no later than thirty (30) days after the Court files its Order on PSC's Motion to Vacate; and (iv) PSC and Southern Life will simultaneously file, if desired, Responses to the opposing party's Supplemental Brief, no greater than

fifteen (15) pages in length, no later than twenty (20) days after the date upon which the Supplemental Briefs are submitted by the parties; and (c) grant any and all other further relief as it deems just and proper.

Respectfully submitted this 12th day of September, 2013.

| | |
|---|---|
| *s/ Robert W. Thielhelm* | *s/W. Wayne Drinkwater* |
| Jerry R. Linscott, Esquire | One of the Attorneys for Southern |
| Florida Bar No. 148009 | Farm Bureau Life Insurance Company |
| E-mail: jlinscott@bakerlaw.com | |
| Robert W. Thielhelm, Jr., Esquire | **OF COUNSEL**: |
| Florida Bar No. 889679 | Kevin C. Newsom |
| E-mail: rthielhelm@bakerlaw.com | Anne Marie Seibel |
| Michael S. Vitale, Esquire | BRADLEY ARANT BOULT |
| Florida Bar No. 017136 | CUMMINGS LLP |
| E-mail: mvitale@bakerlaw.com | One Federal Place |
| Jorge A. Castillo, Esquire | 1819 Fifth Avenue North |
| Florida Bar No. 0031007 | Birmingham, AL 35203 |
| E-mail: jcastillo@bakerlaw.com | knewsom@babc.com |
| **BAKER & HOSTETLER LLP** | aseibel@babc.com |
| 2300 SunTrust Center | Telephone:  205-521-8000 |
| 200 South Orange Avenue | Facsimile:  205-421-8800 |
| Post Office Box 112 | |
| Orlando, Florida  32802 | W. Wayne Drinkwater |
| Telephone: (407) 649-4000 | BRADLEY ARANT BOULT |
| Telecopier:  (407) 841-0168 | CUMMINGS LLP |
| *Attorneys for PSC* | 188 East Capitol Street, Suite 400 |
| | Jackson, MS 39215 |
| | wdrinkwater@babc.com |
| | Telephone:  601-948-8000 |
| | Facsimile:  601-948-3000 |
| | |
| | James W. O'Mara |
| | B. Lyle Robinson |
| | PHELPS DUNBAR, LLP |
| | 4270 I-55 North |
| | Jackson, MS 39211-6391 |
| | omara@phelps.com |
| | robinsol@phelps.com |
| | Telephone:  601-352-2300 |
| | Facsimile:  601-360-9777 |

Karl Brandes (FL Bar #329797)<br>
PHELPS DUNBAR, LLP<br>
100 South Ashley Drive, Suite 21900<br>
Tampa, FL 33602-5311<br>
brandesk@phelps.com<br>
Telephone:  813- 472-7550<br>
Facsimile:   813-472-7570<br>
*Attorneys for Southern Farm Bureau Life Insurance Company*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 12, 2013, I electronically filed the foregoing by using the CM/ECF system which will send a notice of electronic filing to the following:

- **Karl Joseph Brandes**
  brandesk@phelps.com,conradn@phelps.com
- **Anna M. Dionne**
  adionne@babc.com,cadkins@babc.com
- **W. Wayne Drinkwater**
  wdrinkwater@babc.com,jaltobelli@babc.com,kearl@babc.com
- **Foley & Lardner LLP**
  jtucker@foley.com
- **E. Clifton Hodge , Jr**
  ech@wisecarter.com,cmyers@mhdlaw.com
- **Jerry Ray Linscott**
  jlinscott@bakerlaw.com,orlbakerdocket@bakerlaw.com,mrios@bakerlaw.com
- **Kevin C. Newsom**
  knewsom@babc.com,cadkins@babc.com
- **James W. O'Mara**
  omaraj@phelps.com,donaldg@phelps.com
- **B. Lyle Robinson**
  robinsol@phelps.com,richmonm@phelps.com,abbeyr@phelps.com,loganc@phelps.com
- **Anne Marie Seibel**
  aseibel@babc.com,cowens@babc.com

*s/ Robert W. Thielhelm*<br>
Robert W. Thielhelm

602577314.3